### LUDWIG PAPE V. EMELIA PAPE.

#### No. 950.

**1.  Divorce—Allowance of Permanent Alimony.**

Our statutes make no provision for permanent alimony, and in the absence of direct statutory authority, it seems that a decree for permanent alimony cannot be appended to a decree for a divorce.

**2.  Same—Allowance for Support of Children.**

Where a decree for divorce gives to the wife the custody of the children, and practically the whole of the community property, a provision requiring that the husband shall pay annually a stipulated sum for seventeen years for the support of the children, made without respect to the income or property of the husband or his earning capacity, and without regard to the ability of the children to earn their own support, is unwarranted and erroneous.

APPEAL from Kendall.   Tried below before Hon. EUGENE ARCHER.

. *T. M. Paschal* and *J. D. Guinn*, for appellant.

*F. J. Maier*, for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee, Emelia Pape, sued her husband, Ludwig Pape, for a divorce, for the custody of their seven minor children, and for a division of the property.  The divorce was asked on the grounds of cruel treatment.  The case was tried by the court, and a judgment rendered decreeing a divorce, and the custody of the children, the homestead and practically all of the community property to appellee. She was charged with the duty of lifting from the homestead a debt of six hundred dollars.   Appellant was allowed to keep 217 acres of land in Comal County, which was his separate estate, and he was charged with a monthly payment of eighteen dollars for ten years and twelve dollars for seven years longer for the support of the children.  He was also adjudged to pay $75, the amount of alimony allowed pendente lite, and $50 for an attorney's fee.

The assignments of error treat the monthly allowance for the support of the children as if it were alimony, which is not proper under the general definition of alimony, which is the allowance the husband, by order of the court, pays to his wife living separate from him, for her maintenance; or the provision made by the court for the sustenance of a wife divorced from the bonds of matrimony, out of her late husband's estate. 2 Bish. Mar. and Div., sec. 351.   Alimony may be pendente lite, or it may be permanent.   In its usual acceptation, the term alimony does not apply to the support for children allowed by a court out of the estate of the father and mother, one or both.   Disposing, therefore, of the question of alimony, it may be said that our statutes make no provision for permanent alimony, and it has been held that in the absence of direct statutory authority, a decree for alimony cannot be appended to a decree dissolving a marriage.   Morton v. Morton, 7 Cush., 518; Davol v. Davol, 13 Mass., 264; Blaker v. Cooper, 7 S. and R., 500; 2

Bish. Mar. and Div., sec. 857. Ample provision is made in the statutes of this State for the support of the wife, by the provision for the division of the property. Article 2864, Sayles' Civil Statutes. The only provision made for alimony is during the pendency of the suit for divorce, and it is provided that it shall continue "until a final decree shall be made in the case." Article 2870.

A liberal construction of the assignments of error will justify this court in holding that they raise the question of the error in decreeing support to the children, without an income or property basis for a period of seventeen years.

In many of the States the same statute that authorizes the court to give the custody of the children to either father or mother, confers on it the power to compel the father to furnish her with a fund for their support, but no such provision is found in the statute of this State. By the common law the father is responsible for the necessaries of life for the children, as well after as before a divorce is granted. We have seen no authority, however, that would permit a court to arbitrarily fix the amount that the father should pay for the maintenance of his children, without regard to his standing in society and his resources and income. The tax must either be upon a fixed and definite income, or a charge upon his property. The statute provides that "the court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right having due regard to the rights of each party, and their children, if any." Art. 2864, Sayles' Civ. Stats. This statute gives ample scope for wise discretion, to the district judge in the division of the property, the object to be kept in view being justice to the parties and their children. If the children had been given by the court into the custody of the father, he would have been held responsible for their maintenance and support; if to the mother, the funds, if there were any, must have been furnished by the father for their support. If the circumstances had justified the court in taking the children from the care and custody of both parents and placing them under the protection of a guardian, such disposition could have been made of the property of both as would secure from it a support for the children. The estate of both, whether separate or community, could have been placed in the hands of a trustee, and the revenues arising therefrom have been used, in the proportions ordered by the court, for the support of the husband, the wife and the children. Fitts v. Fitts, 14 Texas, 444; Trimble v. Trimble, 15 Texas, 18; Rice v. Rice, 21 Texas, 58; Simons v. Simons, 23 Texas, 344.

Underlying the statute and the foregoing decisions, is the desire of doing justice to the parties and giving protection to the children. We have no knowledge, however, of any statute or decision that permits a court to lay tribute upon the possible earnings of a father, for a period of over half an average life time, and to devote it to the support of children committed to the custody of the mother, and to whom has been

given practically the whole of the community property, and this, too, without any reference whatever to the earning capacity of the father. The charge is not made one against an income or against property, but if it comes at all, it must come from his labor. He was shown to have been a farmer in poor circumstances, with no means of support, but what might possibly come out of his labor upon a rocky, unproductive mountain farm. To cultivate this, he must begin anew, for all the cattle, wagon and teams and household and kitchen furniture have been given to the wife. Even if it should be admitted that under proof of the earning capacity of the father, there might be rendered a judgment against his future earnings that would be just and legal, still, the judgment in this case has not even that foundation upon which to rest, and is manifestly unjust and oppressive. It not only takes away from him the accumulations of a lifetime and gives it to his wife, and deprives him of the consolation and comfort of the society of his children, but at a period when he has passed life's meridian and is on its swift decline, he is burdened with a debt that practically places him in a state of serfdom.

The judgment not only was not framed with any regard to his income or ability to meet its ever-recurring burdens, but it loses sight of the necessities of the children, their ages, and ability, as the years roll by, to earn a livelihood. Before the term of his bondage shall have expired, and his emancipation, tardy and long-deferred, shall have come, his eldest daughter will have reached the age of twenty-eight years, four sons will have passed the age of twenty-one, another son will be twenty, and the youngest child, a daughter, will have passed the age of seventeen years. These children, long before this period shall have been reached, will be in a position to contribute to the necessities of the old age of their father, rather than that he should be compelled out of his miserable earnings to give to them. The injustice of the judgment is further indicated by the fact that it seems to have been intended more to entail burdens upon appellant than to benefit the children, for in providing that the duty of paying off the $600 note against the homestead shall be laid upon the wife, it decrees that if the appellant shall be compelled to pay it, the amount shall be placed as a credit against the monthly stipend of the children. The declaration in the judgment that the note should be a charge against the wife, of course, does not lift the responsibility of appellant for its payment.

We have dwelt upon the inequalities and injustice of the judgment rather to show the result that would follow were judgments of this character sanctioned by law, and would not convey the idea that if the equities were different, the judgment might meet with approval. That is a matter that we need not anticipate. The facts in this case certainly do not justify a judgment against appellant for the support of his children during the next seventeen years.

The case was tried by the judge, and there being sufficient legal testimony to sustain the decree of divorce, the admission of illegal testimony would not necessitate a reversal, and it will therefore not become in-

cumbent on us to discuss the assignments of error raising that question.

We do not think that the court abused its discretion by receiving new testimony after the case had been submitted, and after a conclusion had been reached in the matter, and changing the judgment after hearing the additional testimony.

We do not feel disposed to disturb the judgment except in so far as it endeavors to bind appellant for the support of his children, and with that feature eliminated, the judgment will be affirmed.

Reformed and affirmed.                 *Reformed and affirmed.*

Delivered March 18, 1896.

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The judgment of the court placing the burden of paying off the debt due on the house in Boerne, as we tried to make plain in our opinion, does not relieve appellant of his responsibility on the debt to the party holding the same. Neither is appellant relieved of his responsibility for the necessaries of life for his children. All that we held in our original opinion was that without regard to his income and the necessities of his children, the court could not force him to pay a certain sum monthly for a number of years. When appellee was testifying, she stated that she could take care of the children, without the help of appellant, if she got the homestead. The homestead was given to her. She now claims that it has purchase money in the sum of $600 due on it. She knew that at the time. In addition to the homestead, she was given two mules valued at $100, a buggy at $40, eight head of cattle at $80, four horses at $60, household and kitchen furniture at $80, a promissory note valued at $200, and a wagon valued at $10. Appellee also owns in her separate right a house and lot in Boerne, of the value of $250. Appellant was permitted to keep the farm in Comal County, being his separate property, of the value of $1300, thirty-five acres of it being in cultivation. There are 217 acres of land included in the above farm, nearly 250 acres of which is rocky, hill land, and the thirty-five acres in cultivation is all of it that can be cultivated. He was also given a claim against William Jackson for $217, and a judgment against Conrad Oelkers for $200, both of which are worthless. As stated in our opinion, appellee received practically the whole of the community estate. The only means of support that appellant has is the farm in Comal County, only thirty-five acres of which are tillable. The motion for rehearing presents no reasons that should cause us to recede from the position held by us in our original opinion. We have found herein all the facts that bear on the points complained of in the motion for rehearing, and the same can be used by appellee, should the Supreme Court assume jurisdiction of this cause on application for writ of error.                                *Overruled.*

Delivered May 6, 1896.

Application for writ of error dismissed by the Supreme Court.