PHILLIPS v. PHILLIPS.     (No. 8821.)

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1918. Rehearing Denied April 13, 1918.)

1. APPEAL AND ERROR ⬅389(3)—AFFIDAVIT IN LIEU OF BOND—VERIFICATION.

An affidavit for appeal in lieu of bond under Vernon's Sayles' Ann. Civ. St. 1914, art. 2098, may be made before a notary public who is affiant's attorney, since such affidavit is evidence merely.

2. APPEAL AND ERROR ⬅351(1)—TIME FOR APPEAL—ENTRY OF ORDER.

Where court adjourned March 31st and a new term began April 2d, a motion for appeal and an affidavit in lieu of bond filed April 7th was timely under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, requiring the affidavit to be filed within. twenty days after notice of appeal, although the order granting the appeal was not entered until May 5th; the Court of Civil Appeals having, by article 1593, power to ascertain matters of fact touching its jurisdiction.

3. DIVORCE ⬅249(6)—DISPOSITION OF COMMUNITY PROPERTY—TITLE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, providing that neither party to a divorce suit may be compelled to divest himself or herself of the title to real estate, the court has power to enter such a decree as will properly protect the wife and minor children in the use of the community property which constitutes a homestead, but it cannot divest title thereto out of one of the parties.

4. DIVORCE ⬅249(6)—DISPOSITION OF PROPERTY—SUPPORT OF CHILDREN.

The power of the court in a divorce suit to grant to the mother who has been awarded the custody of the minor children the use of the homestead for a designated period is an equity power to be exercised primarily for the benefit of the minor children that the mother may fulfill her duty to support them; the husband's duty to support his wife ceasing on the severance of the marital relation.

5. DIVORCE ⬅309—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.

Where a mother had been granted the custody of the children in a divorce suit, it was proper on the reopening of the case for the trial court to determine from the evidence then before him what provision was necessary for their support; conditions having changed since the original decree.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Petition by Newton H. Phillips against May Phillips for a bill of review to set aside a judgment in a divorce action. From a decree for plaintiff, defendant appeals. Affirmed.

R. H. Smith, of Ft. Worth, for appellant. Bryan, Stone & Wade, of Ft. Worth, for appellee.

BUCK, J. On November 1, 1916, appellee filed a petition in the nature of a bill of review to set aside a judgment rendered in the same court and at the previous term, whereby appellant was granted a divorce from appellee, given the custody of their minor children, and awarded the title and right of possession to all of their community property, consisting of improved premises in Ft. Worth alleged to be a homestead, certain lots in Oklahoma, and the household furniture. The appellee alleged that subsequent to the filing of the original divorce suit by his wife they become reconciled and resumed the relationship of husband and wife; later moved from Ft. Worth to Dallas, where they continued to live together as husband and wife until February, 1916; that in November 1915, it was agreed between appellant and appellee that the divorce suit should be dismissed; that appellant in February, 1916, without cause or justification, abandoned appellee and returned to Ft. Worth, where she had continued to reside separate and apart from appellee; that without appellee's knowledge appellant, on September 18, 1916, and without notice to appellee caused said divorce suit which she had agreed with appellee to have dismissed to be heard, without any regular setting thereof, and secured the judgment and decree against appellee which he sought to have vacated. Appellee further alleged a rule or custom of the district court, where said suit was pending, where answers have been filed, as he alleged had been in this case, to require plaintiff's attorney to hand to the clerk of the court the style and number of the case upon which a trial was desired and that such rule or custom provided that the trial could not be had until two weeks subsequent to said notice given and request made; that if appellant's attorney had complied with this rule or custom of the court, as appellee had the right to expect, the latter's attorneys would have been advised of the fact that the divorce case had not been dismissed, and that the appellant was intending to have the same tried, and that appellee would have been present with his testimony and defense, which he alleged was sufficient to establish that appellant was not entitled to the judgment rendered. Appellee further alleged that appellant was not the proper person to be awarded the custody of the minor children, alleging that one of the children, a young lady, was working in Dallas and making her own living, the second child was living with him (appellee), and that the youngest, a boy, was living with appellant, who was not so situated that she could give him the proper attention, care, and education; that he was able, financially and otherwise, to care for and educate said children. He further alleged that he and appellant were cotenants of the community prop-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erty, all of which under the judgment had been awarded to the appellant, and that he was entitled to a one-half interest therein. He prayed for citation to be issued, and that upon hearing the former judgment be set aside in so far as it decreed the custody of the children and awarded the title and the possession of the described real estate to appellant alone. The defendant, after a general denial, pleaded res adjudicata. The court reopened the case and set aside the former judgment in so far as it affected the real estate, the plaintiff in the course of the trial having withdrawn and abandoned his plea as to the custody of the children, and adjudged the title and right of possession in said real estate to be in plaintiff and defendant jointly, and, having found that the said real estate was not susceptible of division, ordered it to be sold by a commissioner, who was duly appointed. From this judgment the defendant has appealed.

[1] On the threshold of the consideration of the appeal on its merits, we are presented with appellee's motion to dismiss because of the alleged failure of appellant to perfect her appeal under the statute providing for an appeal on affidavit in lieu of bond. This motion must be overruled. The affidavit under article 2098, V. S. Tex. Civ. Stats., is not bad simply because made before a notary public, even though such notary be the attorney of affiant. The proof of the inability of one seeking to appeal under this statute to pay the costs of appeal must be made before the court trying the case when in session, otherwise before the county judge of the county of affiant's residence, and while, in the absence of contest, such proof may consist of the affidavit alone, yet the affidavit is merely a matter of evidence, and if the proper magistrate considers the proof evidenced by the affidavit and acts thereon and enters his order it is immaterial that the affidavit was made before a notary public. The motion in this case was directed to the trial court, and the proof was submitted to the court and acted on while in session. Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435; Smith v. Oil Co., 85 S. W. 481; Wood v. Railway, 43 Tex. Civ. App. 590, 97 S. W. 323; Sidoti v. Railway Co., 35 Tex. Civ. App. 131, 79 S. W. 326; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659. In the last-cited case, the Supreme Court said:

"This court has often had occasion to discuss and construe this statute, and has not yet succeeded in removing all the doubt and uncertainty besetting an appellant who attempts to avail himself of its indefinite provisions. These uncertainties in the statute itself suggest 'that care should be taken to avoid such a construction and application of the law as would impair or unnecessarily complicate the exercise of the right of appeal.' Pendley v. Berry, 95 Tex. 75 [65 S. W. 32]. The statute defines what the proof it requires shall be when it provides that it 'shall consist of the affidavit of said party, stating his inability to pay the cost' (Stewart v. Heidenheimer, 55 Tex. 644;

Pendley v. Berry, supra); and 'its evident purpose is to enable the appellant to make prima facie proof of his inability to give the required security, and to enable those having conflicting interest to controvert such proof,' etc. (Wooldridge v. Roller, 52 Tex. 451). When it is made before the 'court trying the case, if in session,' the statute requires no other action if there be no contest. It is only where the affidavit is made before some officer not authorized to determine the facts in case of a contest that it has been held or intimated by this court that it must be presented to one who is so authorized for further action on his part."

In Wooldridge v. Roller, supra, and other cases cited by appellant, the Supreme Court did not say or even intimate that the affidavit could not be made before a notary public, but to the contrary. The attorney of record is authorized to administer the oath to an affidavit to his client. Forest Oil Co. v. Wilson, 178 S. W. 626.

[2] It appears from the record that the order of the trial court authorizing this appeal on affidavit was made at the subsequent term that the court entered the order granting the appeal on May 5, 1917. The court adjourned March 31, 1917. The new term began April 2, 1917. The affidavit shows that it was filed April 7th, and the motion was filed on same date. There is presented in this court an affidavit of appellant's attorney that the court in session granted the motion on the day it was filed, but by inadvertence the formal order to that effect was not entered till May 5th. Order overruling motion for new trial was entered March 27th. Article 2084, V. S. Tex. Civ. Stats., requires the affidavit in lieu of bond to be filed within 20 days after notice of appeal is given, but does not require the order of the court granting the appeal to be entered within said period, nor, perhaps, that proof shall be heard by the court within said time. But, at any rate under article 1593, V. S. Tex. Civ. Stats., Courts of Civil Appeals have power by affidavit or otherwise, to ascertain matters of fact touching their jurisdiction. Hence we find that the affidavit was filed, proof heard, and the order made, though not formally entered on the docket, within the statutory period, and the appellee's motion to dismiss the appeal is overruled.

[3] We will now consider the case on its merits. The first assignment urges that the trial court erred in vacating the former judgment in so far as it purported to decree to the appellant here the entire title and right of possession to the realty of the community estate of appellant and appellee. Under the law (article 4634, V. S. Tex. Civ. Stats.) neither party to a divorce suit may be compelled to divest himself or herself of the title to real estate. While in granting a divorce the court has power to enter such a decree as will properly protect the wife and minor children in the use of the community property which constitutes a homestead

(Holland v. Zilliox, 38 Tex. Civ. App. 416, 86 S. W. 36, writ denied), yet it has no authority to divest title thereto out of one of the parties (Tiemann v. Tiemann, 34 Tex. 523; Craig v. Craig, 31 Tex. 203). Of course an equitable partition of the community property may be adjudged decreeing title in each to half of the joint property. But no partition was attempted in the judgment rendered to vacate which the action herein was brought. Hence we hold that the trial court properly entertained the suit, and awarded the relief sought, independent of the question as to whether the record discloses that appellee had notice in term time of the judgment rendered in the divorce suit. However, the evidence as to this is conflicting, and the court could reasonably have concluded that appellant did not have actual notice, and had been misled into believing that the suit had been dismissed according to the alleged agreement.

[4] We do not think the court erred in excluding the evidence offered by appellant as to the grounds for divorce in the original suit and the testimony which would tend to warrant the original trial court to award the defendant herein the use of such homestead in addition to awarding to her the title and possession of an undivided one-half interest in such homestead, as urged in the fifth assignment. In fact, this was not the judgment entered. Since all claim for relief was abandoned by appellee except as to the title and the right of possession of the real estate, the propriety and validity of the judgment granting the divorce and awarding the custody of the minor children to the appellant and awarding her the community personalty ceased to be an issue. The appellant in this last proceeding failed to allege or to sustain by proof the necessity of provision for the support of the minor children. The power of the court granting a decree of divorce to grant to the mother, who has been awarded the custody of the minor children, the use of the homestead for a designated period, is an equity power to be exercised primarily for the benefit of the minor children in order that the mother, upon whom has been placed the responsibility for their care and support as the head of the family, may be enabled to fulfill that duty. In this state the legal duty of the husband to support his wife ceases upon the severance of the marital bonds, nor has a court the power to decree that a husband or his property may be subjected to such support after divorce. Permanent alimony is not provided for by Texas statutes. Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479; Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128. But the liability of a father for necessaries for his minor children continues after the legal separation of the parents, though it has been held that a decree in a divorce suit

requiring the father to pay a designated monthly sum for the support of the minor children whose custody has been awarded to the mother is not authorized under the statute. Bond v. Bond, supra; Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838. Hence the court may only by decree provide for a contribution by the father towards the support of the children awarded to the mother by imposing a use on the father's part of the community estate. However, this subjection is not in the nature of alimony to the mother, but for the support of the children. Therefore when the necessity for such support ceases the reason for such provision ends.

[5] In the instant case, the uncontradicted evidence shows that at the time of the last trial the two girls were living in Dallas with their father or at the same house, and that they would not live with their mother in Ft. Worth; that one of the girls was supporting herself, and the father was supporting the other. The boy was with his mother in Ft. Worth. The cause having been reopened, it was competent for the trial court to determine from the evidence before him, not from that introduced at the former hearing as to the necessity for making provision for their support. He evidently determined that matter adversely to appellant.

Finding no error the judgment is affirmed.