**CASTELLANOS et al. v. CASTRO.** ＊
**(No. 7629.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1926. Rehearing Denied Dec. 15, 1926.)

**I. Parent and child ⟜2(3)—Welfare determines custody of children.**

Custody of children is to be determined by what is for their good.

**2. Habeas corpus ⟜85(I)—Evidence held to justify awarding custody of five year old girl exclusively to grandparents, rather than to father.**

Evidence *held* to justify awarding custody of five year old child exclusively to parents of

───────────────
⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
＊Writ of error granted February 9, 1927.

deceased mother, rather than to father who had contributed nothing to child's support and had remarried.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Habeas corpus by Henry Castro against Rosa Vasquez Castellanos and another. From the judgment, respondents appeal. Reversed and rendered.

Bat Carrigan and Chambers & Johnson, all of San Antonio, for appellants.

Jack R. Locke, of San Antonio, for appellee.

FLY, C. J. Appellee applied for and obtained a writ of habeas corpus to bring Consuela Irene Castro, a minor, five years of age into court, it being alleged that she was illegally restrained in her liberty by Rosa Vasquez Castellanos and her husband, Manuel Castellanos. Appellee claimed custody of the little girl on the ground of being her father, she being in the custody of her grandparents, the appellants. The court gave a compromise judgment by awarding the custody of the child to appellee for 10 days in each month and to appellants for 20 days in each month, no account being taken of the fact that 30 days could not be obtained out of February, and no provision being made for the custody during the excess day in months having 31 days. During a year there would remain at least a week in which no one would have custody of the child. Of course, this could be remedied by giving appellee custody of the child for 10 days out of each month and giving appellants the custody the balance of the time in each month.

[1] Judgments in cases of this character should rest on the welfare of the child concerned, and we cannot conceive of a more efficacious way of attacking the welfare and happiness of a minor of tender years than by giving a divided authority over it, consisting of the two antagonistic claimants to its custody. In this instance, the father for 120 days in the year would have the child in his home under the tutelage of a stepmother, and for 240 days the child would be in the household of the grandparents. The child would grow up with distorted ideas of life, and deception and hyprocrisy would naturally grow out of teachings of one kind one-third of the time and teachings of another kind for two-thirds of the time. In the very nature of things, the child would grow to love one guardian and despise the other. It was said by the Great Teacher that "no man can serve two masters, for either he will hate the one and love the other, or else he will hold to the one, and despise the other"; and much more would a divided authority distract and ruin the young and tender child. One or the other of the parties, in the interest of the child, should have been given absolute custody of it. In all cases of determining the custody of children, their good is the highest and crowning consideration, and no decree should be rendered that probably would tend to injuriously affect the future of the child. In this instance, reason and experience teach that authority over the child divided between antagonistic interests could have none other than a deleterious effect upon the life and character of the child. The child should have been awarded to that one of the contestants who was most worthy to have such custody, and, if neither was fitted to take charge of the child, some other suitable person might have been chosen by the court. Rice v. Rice, 21 Tex. 58; Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479.

[2] A survey of the testimony leads this court to the conclusion that there should be no hesitancy or doubt as to whom the custody of the child should have been confided. The evidence of appellee showed that in 1923 he obtained a divorce from a sick wife, that in the decree of divorce the child was given to the wife, who was living with her parents and being supported by them, that in about four months after the decree of divorce appellee married a widow with one child and that she has since borne him a child, that after the divorce he contributed nothing to the support of his former wife and their child. He claimed that he could not contribute anything to the child, and yet he claims he can support it and the second wife and her two children. He had no property except a home and had a position of some kind in the post office. On the other hand, the grandparents of the minor had fed, clothed, and furnished a home for the discarded wife and child. They cared for the mother during her last sickness and laid her body to rest. It was shown that they had several rent houses in San Antonio and also had lands in Mexico. It was shown that the child was being reared in a clean, comfortable home and was much beloved by her grandparents. They were shown to be people of excellent character, and kind and loving to their grandchild. If we are permitted to draw any deductions or indulge in any presumptions from the decree of the court, we would conclude that the court deemed the grandparents better fitted to have charge of the minor than the father, as the custody was given them for two-thirds of the time. If qualified to have charge of the child for two-thirds of the time, they are qualified to have charge all the time, and they should not be handicapped by having the infant taken away from their influence and care and have their labors unsettled and rendered nugatory by taking their ward away from them for one-third of the time. They express a willingness to permit visits from the father, and he will doubtless have

this privilege extended to him in a reasonable way.

The judgment will be reversed, and judgment here rendered denying custody of Consuela Irene Castro to appellee, Henry Castro, and giving her exclusive custody and control to Rosa Vasquez Castellanos and Manuel Castellanos, and that appellee pay all costs in this behalf expended in this court, as well as the lower court.