[Civil No. 4194. Filed September 23, 1940.]

[105 Pac. (2d) 513.]

DUFFIE G. GILMET, Appellant, v. EDWARD J. GILMET, Appellee.

Mr. Richard H. Chambers, for Appellant.

Mr. Edward Aboud, for Appellee.

ROSS, C. J.—The parties hereto were formerly husband and wife and lived in Parker county, Texas. On November 26, 1937, the plaintiff, Duffie G. Gilmet, in the district court of such county, obtained a divorce from her husband, Edward J. Gilmet, the defendant herein. This action seeks to recover from the husband, who is now a resident of Arizona, $35.00 per month alimony (less deductions for payments made), upon the ground (1) that defendant had agreed and contracted to pay plaintiff such sums, and upon the further ground (2) that the court found in its decree that defendant "has agreed and obligated himself to pay to the plaintiff . . . the sum of $35.00 per month, the first instalment to be paid on the 15th of December 1937 and to continue thereafter . . . on the 15th of each and every month . . . so long as the plaintiff . . . lives or until she remarries." The cause of action is grounded upon (1) the alleged contract, and (2) the Texas judgment.

The defendant denies the agreement to pay alimony and alleges that the feature of the Texas judgment as to "permanent alimony" is void.

The court heard all the evidence offered by plaintiff tending to support her complaint, including a certified copy of the Texas judgment, and the defendant's evidence in support of his defenses, and rendered judgment for defendant.

Plaintiff prosecutes the appeal upon the sole ground that the court failed to give full faith and credit to the Texas judgment as is provided in section 1, article IV, Constitution of the United States, reading:

"Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. . . . "

The Texas court in which the divorce proceedings were had, it is conceded, is a court of record and em-

powered to grant divorces and make disposition of the property of the parties and provide for their minor children, if any, in its judgment or decree in accordance with the laws of that state. The quotation above from the Texas judgment is not an order or direction that defendant pay from month to month the sum of $35.00 to plaintiff, but is only a finding that he "has agreed and obligated himself" to make such payments. The reason that this finding was not followed by decretal directions is doubtless found in the Texas laws. 15 Texas Jurisprudence, section 153, reads:

"Since ample provision is made in the statutes of Texas for the support of the wife by the division of the property, permanent alimony is not provided for; nor are the courts authorized to decree an award of permanent alimony for the support of the divorced wife. In this state the legal duty of the husband to support his wife ceases upon the severance of the marital bonds; and the court has no power to decree that a husband or his property be subjected to such support after divorce. . . ."

This text is supported by numerous cases from Texas. In *Boyd* v. *Boyd*, 22 Tex. Civ. App. 200, 54 S. W. 380, 381, it is said:

"Under the laws of this state, courts are not authorized in divorce suits to provide permanent alimony for the support of the divorced wife. An allowance may be made for her support during the pendency of the suit for divorce, until the final decree is made in the case. Rev. St. art. 2986. The final decree may also order a division of the common estate, if there be such. Id. art. 2980. But the court cannot devest title out of one of the spouses, and invest it in the other. Neither can the court compel the husband, by final decree, to support the divorced wife. *Pape* v. *Pape*, 13 Tex. Civ. App. 99, 35 S. W. 479. . . ."

In *Phillips* v. *Phillips*, (Tex. Civ. App.) 203 S. W. 77, 79, it is said:

" . . . In this state the legal duty of the husband to support his wife ceases upon the severance of the marital bonds, nor has a court the power to decree that a husband or his property may be subjected to such support after divorce. Permanent alimony is not provided for by Texas statutes. *Pape* v. *Pape,* 13 Tex. Civ. App. 99, 35 S. W. 479; *Bond* v. *Bond,* 41 Tex. Civ. App. 129, 90 S. W. 1128. . . . "

See *Cunningham* v. *Cunningham,* 120 Tex. 491, 40 S. W. (2d) 46, 50, 75 A. L. R. 1305, where the cases on the power of the court to award permanent alimony are reviewed.

█ It is plain that the Texas court had no power or jurisdiction to award plaintiff permanent alimony and this, we think, that court fully recognized by its failure to order or direct defendant to make monthly or any other kind of payments under the agreement. It is of course patent that a valid subsisting judgment of a court of competent jurisdiction of a sister state, when properly proved in this state, is entitled to full faith and credit, but it must be a valid judgment, one which the court had power to render. 34 C. J. 1127, sec. 1603.

█ Granting that the finding or recital in the judgment of the Texas court, to the effect that defendant had agreed and obligated himself to pay plaintiff $35.00 per month during her life or until she should remarry, is, under the full faith and credit clause, conclusive on the parties, such finding would only be evidence of the contract. However, it would not help the plaintiff on this appeal to give the finding such force and effect because, according to her contention here, the cause of action under the contract was merged in the Texas judgment. In other words, she must recover, if at all, upon the judgment and not upon the contract. The plaintiff has conceded this by her assignments. She makes no point on the court's implied finding that the

alleged contract had been fulfilled or discharged or otherwise avoided.

We think the judgment of the lower court should be affirmed, and it is so ordered.

LOCKWOOD and McALISTER, JJ., concur.