## WHITE v. WHITE.

### No. 8699.

United States Court of Appeals

District of Columbia.

Decided June 11, 1945.

Mr. Richard W. Galiher, of Washington, D. C., with whom Mr. Henry I. Quinn, of Washington, D. C., was on the brief, for appellant.

Mr. J. E. Bindeman, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellee sued appellant for maintenance. Appellant answered, setting up as a bar, a decree of divorce entered in the State of Florida. On the trial, the District Court determined the issues of fact in favor of appellee and concluded: "That the decree of the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida, awarding a divorce to the defendant from the plaintiff, was and is invalid in the state of Florida for the reason that the said defendant went to the state of Florida solely for the purpose of obtaining a divorce, and with no bona fide intention of remaining in said state permanently or indefinitely. The decree of the Florida court, therefore, is not entitled to the full faith and credit contemplated by Article 6-1 [art. 4, § 1], of the Constitution of the

---

[22] Cf. Barnes v. Paanakker, 72 App.D.C. 39, 44, 111 F.2d 193, 198.

[23] Cf. In re Adoption of a Minor, 79 U. S.App.D.C. 191, 144 F.2d 644.

United States, or by the Act of Congress of May 26, 1790, 28 USC 687.[1]" The rule of law applied by the court was correct in the light of recent Supreme Court decisions.[2]

The trial judge concluded that "the conduct of the defendant, his stay in Florida, and all the surrounding circumstances at the time of the filing of his petition for divorce in Florida, bear the 'earmarks' of a trip to Florida for the sole purpose of securing a divorce from the plaintiff, and with no intention of establishing a permanent residence even for an indefinite period of time" and decided that the divorce awarded to him in Florida was not available as a defense. The evidence in the record is ample to support the court's findings upon this point, and the conclusions drawn therefrom. Under the well-established rule, we should be slow to substitute our own view of the facts—even if strongly to the contrary—for that of the judge who saw the parties and heard them testify.[3]

Appellant contends, further, that both parties are non-residents of the District; hence, that pursuant to our decisions in the Curley[4] and Melvin[5] cases, the trial court should have declined to take jurisdiction. The considerations present here, however, did not require that jurisdiction be denied upon the grounds of public policy under the rule stated in those cases. In the present case, the findings indicated that the parties had lived together in Washington for ten years, prior to 1935; they then moved to Westmoreland Hills in Maryland, just over the District line, where they lived until their separation; appellant then moved back to the District, where he lived until he took his trip to Florida; they still own, jointly, the family home in Maryland; both own considerable property in the District; shortly after the granting of the Florida divorce, appellant returned to the District where he has since lived; for many years, appellant was employed in Washington and is now employed in one of the Government departments. This, then, is far from a "merry-go-round of litigation," indulged in by non-residents, as was the case so characterized by Justice Rutledge in Melvin v. Melvin. These parties are, in every real sense, members of the District community; even though during a part of their married life they occupied one of its Maryland bedrooms.

Affirmed.

[1] 28 U.S.C.A. § 687.

[2] Williams v. North Carolina, 65 S.Ct. 1092; Esenwein v. Commonwealth ex rel. Esenwein, 65 S.Ct. 1118.

[3] Holtsclaw v. Mercer, 79 U.S.App.D.C. 252, 145 F.2d 388.

[4] Curley v. Curley, 74 App.D.C. 163, 120 F.2d 730.

[5] Melvin v. Melvin, 75 U.S.App.D.C. 56, 59, 129 F.2d 39, 42.