## HUGGS v. HUGGS.
### No. 11059.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1952.

Decided Feb. 28, 1952.

Mr. George E. C. Hayes, Washington, D. C., with whom Messrs. James A. Cobb and Julian Dugas, Washington, D. C., were on the brief, for appellant.

Mr. Andrew W. Carroll, Washington, D. C., for appellee.

Before EDGERTON, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia which declared null and void a Nevada divorce decree obtained in 1946 by appellant Ernest W. Huggs, Sr., purportedly dissolving the bonds of matrimony entered into by him and appellee Shirley Huggs in 1931. The judgment below also awards to appellee custody of two minor children of the marriage, with right of reasonable visits by appellant, and requires him to pay appellee $60 per month for the support of the children. The court denied appellee's request for an allowance for her own maintenance, without prejudice to further application upon change of circumstances.

Appellant deserted his family, in Washington, in February, 1946, and began living in an apartment with a woman and her fourteen year old son. The Nevada divorce was granted October 19, 1946, and on that day appellant went through a marriage ceremony in Reno with this woman. They then went to California for a few days, returned to Nevada, and spent about ten days there, after which they came back to

the District of Columbia. Appellee did not participate in the Nevada action, nor was she personally served within that state.[1]

Appellant contends that (1) appellee was estopped by laches from contesting the validity of the Nevada decree and (2) said decree is valid. On each of these issues the court below decided otherwise.

■ On the question of laches the court found that, notwithstanding approximately three years elapsed after the divorce decree before appellee's attack upon it, neither appellant nor any third person had been affected by the delay. The marriage ceremony which immediately followed the divorce decree was in no sense due to delay on the part of appellee in contesting that decree. No children have been born of the relationship which accompanied that ceremony. As the trial court found:

"While she [appellee] delayed resorting to the Court until she had need for financial support, nevertheless, since her delay has not injured defendant and has not injured any third party, it is the opinion of the Court that plaintiff's equities outweigh those of defendant."

We are not warranted in disturbing this conclusion of the court resting upon the facts of the particular case, Harris v. Harris, 90 U.S.App.D.C. ——, 196 F.2d 46, decided February 28, 1952. This is so notwithstanding the contention, rejected by the court below, that considerations of public policy, such as the possibility of children, weigh in favor of sustaining a plea of laches in this general type of case.

After ruling that appellee was not barred by laches, the court held the Nevada decree invalid upon finding that appellant, though he was in Nevada for the statutory period required to evidence domicile in that state, had not intended to make Nevada his home but had intended to return to the District of Columbia at the conclusion of the divorce suit. Again, as with respect to the ruling against estoppel by laches, we are not warranted in upsetting the conclusion that appellant did not acquire a Nevada domicile. See Rice v. Rice, 1949, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957. Among the supporting facts are the circumstances under which appellant went to Nevada. He first obtained leave from his Government position in the District of Columbia for 136 hours beginning, "July 30, at 8:45 A.M. To end August 21 at 5:15 P.M." and an additional "Number of hours 240 to begin 8/22/46 8:45 A.M. To end 9/20/46 5:15 P.M." A further request for leave was made September 12, 1946, with the statement of appellant "I find it necessary to request an extension of leave without pay up to and including November 1, 1946. This extension has become necessary in view of the fact that the business which originally made it necessary to take leave has not been completed. I feel sure that this extension of leave will be sufficient." The business referred to was to go to Nevada, stay there the statutory period, obtain a divorce, and, as eventuated, to remarry the same day, followed by return to Washington to live.

■ Finding no error,[2] the judgment is Affirmed.

---

1. The divorce complaint was filed at Reno September 14, 1946, alleging actual and bona fide residence "for more than six weeks last past." Appellant mailed to his wife, the appellee, a paper for execution providing for her appearance and waiver of service of process but she refused to sign; thereafter in September, 1946, she was personally served in the District of Columbia with the Nevada suit by a United States Marshal for the District of Columbia.

2. It is suggested by the appellant that the court's denial pendente lite of appellee's motion for maintenance on her own behalf, by reason of laches, became the law of the case; but this was prior to final hearing when the evidence was more fully developed. Consequently, the question of laches remained open for reconsideration and decision.