## HOBBS v. HOBBS.

### No. 11093.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1951.

Decided June 5, 1952.

---

3. There are 44 to 46 quarts in a hundredweight.

4. Brief for Appellant, p. 5.

5. J. A., pp. 14–22.

6. Id. at 119–11.

Raymond Godbersen, Washington, D. C., for appellant.

Carl H. Imlay, Washington, D. C., with whom George A. Hospidor, Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and BAZELON, Circuit Judges.

PER CURIAM.

After 37 years of a marriage which bore three children, now adults, James Hobbs decided to obtain a divorce from his wife, Beulah. "[B]y means of intimidation and coercion," [1] he obtained her signature to a waiver of service and to an appearance in a divorce action he was contemplating in Nevada. No provision was made for her support. A son then interceded and prevailed upon his father to enter into a separation agreement to pay his mother eighty dollars per month, "erroneously believing, as did his mother that it provided the only means of her immediate subsistence." [2] Then, for the purpose of obtaining the divorce, James Hobbs obtained leave from his employment, purchased a round-trip ticket to Reno, Nevada, and arrived there October 23, 1949. Forty-three days later,[3] he obtained a decree of divorce and on the same day returned by plane to the District of Columbia, where he has since remained. Beulah Hobbs was never served with process, nor did she participate in the Nevada proceedings. About a week after his return, James Hobbs went through a marriage ceremony with another woman, and shortly thereafter, he stopped payments for Beulah's maintenance. Her suit for separate maintenance followed.

■ Beulah's suit in the District Court here was premised on the assumption that her marriage to James still exists and that the Nevada divorce is invalid. If that assumption is correct, she is entitled to separate maintenance under the District of Columbia Code.[4] The District Court held and we agree that the Nevada divorce decree is not entitled to full faith and credit in this jurisdiction. The record amply supports the trial judge's finding that James did not give up his District of Columbia residence and that Beulah did not perform the acts necessary to estop her from challenging the legality of the divorce.[5] The judgment of the District Court awarding separate maintenance to Beulah is

Affirmed.

■ Appellee filed a motion in this court to require appellant to pay her attorney a fee for his services on this appeal, in addition to the fee already awarded him by the District Court, and to pay all her costs on the appeal. In view of our affirmance of the judgment, appellee will be allowed her taxable costs on appeal under Rule 20(b), General Rules of the United States Court of Appeals for the District of Columbia Circuit, but with respect to the matter of attorney's fee for services on the appeal, we think that in this case the matter should be submitted by appellee to the District Court after our mandate has issued. Heitmuller v. Berkow, 1948, 83 U.S.App.D.C. 342, 171 F.2d 741.

1. Findings of Fact and Conclusions of Law, J. A., p. 14.

2. J. A., p. 15.

3. The Nevada statute requires a six week period (42 days) of residence, Nev.Comp. Laws § 9460 (Supp.1931–41).

4. D.C.Code 1940, § 16–415.

5. See Williams v. North Carolina, 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; Huggs v. Huggs, 90 U.S.App.D.C. —, 195 F.2d 771; White v. White, 1945, 80 U.S.App.D.C. 156, 150 F.2d 157.