**GLASSMAN v. GRAVER et al.**

**Nos. 567 and 568.**

Municipal Court of Appeals for the District of Columbia.

Dec. 19, 1947.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellant.

William J. Chisholm, of Washington, D. C. (Orille C. Gaudette, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs below, a husband, his wife and his sister, who jointly occupied an apartment, obtained a judgment against their landlord for violating the District of Columbia Emergency Rent Act [1] by accepting rent for three successive months in excess of the maximum rent ceiling.

The stipulated facts disclose that in May 1946 the premises were rented to the plaintiffs at a rental of $22.50 each per month; that on June 5 a rent ceiling for the premises was established by the Rent Administrator at $50 per month; that for the months of June, July and August the landlord collected $22.50 each month from each tenant, a total of $67.50 per month, giving each tenant an individual receipt; and that for the month of September the landlord collected only $50, giving therefor a single receipt.

Conceding that rent in excess of the ceiling had been collected for June, July and August, the landlord, both in the trial court and here, raised only two questions, summarized by the trial judge as follows:

"(1) Can the three plaintiffs, who together paid a monthly rental of $67.50 for housing accommodations subject to a $50 rent ceiling, join in this action against the landlord to recover the penalty provided for in Section 10(a) of the District of Columbia Emergency Rent Act?

"(2) Is each plaintiff separately entitled to a judgment for the full penalty or are they jointly entitled only to a single penalty which they must share between them?"

The trial court ruled that plaintiffs could properly join in the action, and we think such ruling was correct. When a maximum rent ceiling is established for particular housing accommodations, the landlord is entitled to charge and receive that amount and no more, regardless of the number of occupants, unless the order fixing the ceiling provides for a varying rent dependent on the number of occupants. No such provision appears to have been made in this case. The ceiling here is not based on the maximum amount that may be charged each tenant but on the maximum rent that may be charged for the housing accommodations as a whole. Therefore the landlord could not by making separate charges to each occupant legally collect

---

[1] Code 1940, Supp. V, §§ 45—1601 to 1611.

from them a total rent in excess of the established ceiling.

It follows that occupancy by several tenants of a housing unit under separate agreements with the landlord does not prevent them from joining in an action for violation of a rent ceiling when their combined payments exceed the maximum ceiling.

The trial court further ruled that when three tenants together pay more than the rent ceiling for accommodations furnished to all, only one violation occurs and the tenants are restricted to a single judgment which all must share. Since the tenants do not question this ruling and the landlord cannot question it, it is unnecessary for us to pass upon it.

Affirmed.