## HEITMULLER v. BERKOW.

### No. 9490.

United States Court of Appeals
District of Columbia.

Argued Dec. 2, 1947.

Decided July 6, 1948.

Mr. Vincent A. Sheehy, Jr., with whom Mr. Arthur C. Elgin was on the brief, for appellant.

Mr. Sidney M. Goldstein, with whom Mr. Joseph D. Bulman was on the brief, for appellee.

Before STEPHENS, CLARK and PRETTYMAN, Associate Justices.

STEPHENS, Associate Justice.

In this case the appellee, tenant in an apartment house owned by the appellant in the District of Columbia, instituted in the Municipal Court for the District of Columbia a suit against the appellant under the District of Columbia Rent Control Act, D.C.Code (Supp. V 1946) §§ 45—1601, et seq., for the recovery of double the amount of rent paid in excess of the maximum rent ceiling. He recovered a judgment which included an allowance of the sum of $50 for attorney's fees. The appellant appealed to the Municipal Court of Appeals for the District of Columbia. That court affirmed the judgment of the Municipal Court. Thereafter we, on petition for writ of error to the Municipal Court of Appeals, allowed an appeal to this court. On January 26, 1948, this court affirmed the decision of the Municipal Court of Appeals.

The appellee filed a motion in this court alleging that he was obliged to undergo expense for the services of attorneys in representing him as appellee in the Municipal Court of Appeals and in this court. By the motion he asks this court to make an additional attorneys' fee allowance of $250 to cover such services.

█ The Rent Control Act provides:

§ 45—1610. Enforcement—Penalties.

(a) If any landlord receives rent or refuses to render services in violation of any provision of this chapter, or of any regulation or order thereunder prescribing a rent ceiling or service standard, the tenant paying such rent or entitled to such service, or the Administrator on behalf of such tenant, may bring suit to rescind the lease or rental agreement, or, in case of violation of a maximum-rent ceiling, an action for double the amount by which the rent paid exceeded the applicable rent ceiling and, in case of violation of a minimum-service standard, an action for double the value of the services refused in violation of the applicable minimum-service standard or for $50, whichever is greater in either case, *plus reasonable attorneys' fees and costs as determined by the court.* Any suit or action under this subsection may be brought in the municipal court of the District of Columbia regardless of the amount involved, *and the municipal court is hereby given exclusive jurisdiction to hear and determine all such cases.* [Italics supplied]

Nothing in this language limits attorneys' fees to services rendered in the Municipal Court. We think the statute contemplates reasonable attorneys' fees in appellate proceedings as well as in the trial court. But by this language Congress expressly gave the Municipal Court authority to fix attor-

742

neys' fees. We think it cannot be concluded that such authority is also in this court.

The ruling in Maddrix v. Dize, 4 Cir., 1946, 153 F.2d 274, confirms our view on both of the points mentioned. That case construed the Fair Labor Standards Act, 29 U.S.C.A. §§ 201, et seq., which authorizes an employee to recover from an employer double the amount of unpaid minimum wages required by the Act. So far as here pertinent the Act provides:

. . . Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. [29 U.S. C.A. § 216]

The Circuit Court of Appeals held that this language contemplated the allowance of fees for attorneys' services in appellate courts and also that the fees for all services of attorneys, whether in trial or appellate courts, should be fixed by the trial court. In this connection the court said:

. . . the ordinary and effective procedure in the allowance of attorney's fees in litigation which proceeds through several courts is to place the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed. We think this interpretation serves to effectuate the purposes of the Act. [153 F.2d at page 276]

We therefore deny the motion for the allowance by this court of attorneys' fees in the appellate proceedings, but remand the case to the Municipal Court of Appeals with directions to remand it to the Municipal Court for further proceedings consistent with this opinion.

Motion denied.

CLARK, Associate Justice (dissenting).

I am in absolute agreement with the majority opinion that the statute involved here does not limit attorneys' fees in cases arising under the statute to services rendered in the Municipal Court. I believe it is nothing more than the exercise of common sense reasoning to conclude that

the statute contemplates compensation for attorneys where the statutory action is carried into the appellate courts. But I cannot agree with the further conclusion which negatives authority in the appellate courts to make the award of attorneys' fees for the appellate proceedings.

It is my opinion that circuity of action, which we abhor and attempt to preclude as often as possible, is fostered by the latter conclusion. And it is because I see no violation of due process of law in direct action by the appellate courts in these circumstances that I would sanction assumption of authority in the appellate court to determine the attorneys' fees for services rendered in the appellate proceedings.

The statement is true only in a formal sense that the legal action permitted by this statute or similar statutes ends in the trial court. In substance the attorneys' real service is completed when he has made his presentation of the case to the appellate court, or courts, as the case may be. And because the appellate court has the advantage of having observed the efforts of counsel in the appellate proceedings I think it also more appropriate that the appellate court make the award of compensation for those efforts. The appellate court is, at the very least, the equal of the trial court in determining the question of reasonable attorneys' fees as experts in the matter. See Dumas v. King, 8 Cir., 1946, 157 F.2d 463; Columbian Nat. Life Ins. Co. v. Keyes, 9 Cir. 1943, 138 F.2d 382; Mercantile-Commerce Bank & Trust Co. v. Southeast Arkansas Levee District, 8 Cir., 1939, 106 F.2d 966; Blackhurst v. Johnson, 8 Cir., 1934, 72 F.2d 644; Merchants' & Manufacturers' Securities Co. v. Johnson, 8 Cir., 1934, 69 F.2d 940; Federal Oil Marketing Corporation v. Cravens, 8 Cir., 1931, 46 F.2d 938; McDougal v. Black Panther Oil & Gas Co., 8 Cir., 1921, 277 F. 701.

In reaching my conclusion I have taken cognizance of the treatment given a similar provision for attorneys' fees in the Fair Labor Standards Act of 1938.[1] Section 216(b) of the Act provides as follows: "Any employer who violates the provi-

---

[1] 52 Stat. 1060 (1938), 29 U.S.C.A. § 201 et seq. (1946).

sions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional 'equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. *The court in such action* shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (Italics added.) In the following cases arising under that statute Circuit Courts of Appeals have directly awarded additional compensation for the services of plaintiff's attorneys incident to the appellate proceedings: Dumas v. King, supra; E. H. Clarke Lumber Co. v. Kurth, 9 Cir., 1945, 152 F.2d 914; Greenberg v. Arsenal Bldg. Corporation, 2 Cir., 1944 144 F.2d 292; Rigopoulos v. Kervan, 2 Cir., 1943, 140 F.2d 506, 151 A.L.R. 1126. In addition, the Supreme Court of Minnesota and the New York Supreme Court, Appellate Division, have shown no reluctance to act in a similar manner. See McMillan v. Wilson & Co., 1942, 212 Minn. 142, 2 N.W.2d 838; Eckert v. Elmhurst Contracting Co., 1945, 186 Misc. 100, 61 N.Y.S.2d 730; Koerner v. Associated Linen Suppliers Laundry, 1945, 185 Misc. 123, 57 N.Y.S.2d 92.

It is interesting to note the action finally taken in the Maddrix v. Dize case, which is cited above. After the original action had resulted in judgment for the plaintiff, defendant appealed to the Fourth Circuit Court of Appeals and the judgment was affirmed. Dize v. Maddrix, (1944) 144 F.2d 584. Thereafter, the Supreme Court granted the defendant a writ of certiorari and later affirmed the action of the Circuit Court of Appeals, Dize v. Maddrix,[2] 1945, 323 U.S. 702, 65 S.Ct. 135, 89 L.Ed. 566, but remanded the case to the District Court for incidental proceedings. In neither appeal had plaintiff made any demand for additional attorneys' fees; when such demand was made before the District Court that court ruled that it was not empowered under the Supreme Court's mandate to allow additional fees. An appeal was taken from that decision and then it was that the Fourth Circuit Court of Appeals ruled that plaintiff's attorney had a right to additional compensation, and remanded the case again to the District Court so that a suitable allowance could be made for the attorneys' services in the appellate proceedings. The District Court allowed only $100, and the case went back to the Circuit Court of Appeals, where it was adjudged that such sum was obviously not a suitable allowance. Maddrix v. Dize, 4 Cir., 1946, 155 F.2d 1019. The case was again remanded with direction to the District Court to issue an order allowing plaintiff's attorney a fee of $700.

Other analogies equally pertinent which lend the support of judicial precedent to my view are found in cases arising under the Clayton Act[3] and the Interstate Commerce Act,[4] both of which contain provisions for attorneys' fees which apply only to the initial proceeding, as in the statute with which we are concerned here. In American Can Co. v. Ladoga Canning Co., 7 Cir., 1930, 44 F.2d 763, an action instituted to recover treble damages sanctioned by the Clayton Act resulted in judgment for the plaintiff (Ladoga Canning Co.), and defendant appealed to the Seventh Circuit Court of Appeals. With regard to the question of attorneys' fees for the appellate work Judge Evans, speaking for the court, said (p. 772): "The District Court, however, could not and doubtless did not take into consideration the uncertain factor of a possible appeal, nor the legal services which might be rendered in case an appeal was prosecuted. Since the judgment was entered in the District Court, de-

---

[2] The case is reported with Brooklyn Savings Bank v. O'Neil.

[3] 38 Stat. 730, 731 (1914), 15 U.S.C.A. § 15 (1946).

[4] 24 Stat. 382 (1887), 49 U.S.C.A. § 8 (1946).

fendant has taken this appeal, and plaintiff's attorneys have rendered additional necessary and substantial legal services. Plaintiff should be allowed their reasonable value, *which we fix* at $3,500." (Italics added.) For similar action by Circuit Courts of Appeals in Interstate Commerce Act cases, see Davis v. Parrington, 9 Cir., 1922, 281 F. 10, and Louisville & N. R. R. v. Dickerson, 6 Cir., 1911, 191 F. 705, which are cited by Judge Evans.

In each of the cases cited above the problem concerning attorneys' fees for appellate work was exactly analogous to that with which we are confronted here, since the statute involved did not expressly provide for the recovery of compensation for attorneys' services necessarily invoked by plaintiff to prosecute or defend an appeal from the judgment rendered in the original proceeding. But in enacting the Longshoremen's and Harbor Workers' Compensation Act[5] the Congress precluded the appearance of this problem by the simple expedient of the following provision: "No claim for legal services * * * shall be valid unless approved by the deputy commissioner, or if proceedings for review of the order * * * are had before any court, unless approved by such court."[6] In the following cases Circuit Courts of Appeals have made mention in their opinions of an additional award of counsel fees for the appeal work: Radcliff Gravel Co. v. Henderson, 5 Cir., 1943, 138 F.2d 549; Fidelity & Casualty Co. of New York v. Henderson, 5 Cir., 1942, 128 F.2d 1019; Zeller v. Associated Indemnity Corporation, 9 Cir., 1937, 92 F.2d 453; Salmon Bay Sand & Gravel Co. v. Marshall, 9 Cir., 1937, 93 F.2d 1; Diomede v. Lowe, 2 Cir., 1937, 87 F.2d 296; McCahan Sugar Refining & Molasses Co. v. Norton, 3 Cir., 1930, 43 F.2d 505. Under the same statute the case of Ottenstein v. Britton, 1947, 82 U.S.App.D.C. 10, 160 F.2d 253, came before this court. After the decision in the case was published a per curiam order was filed by the court whereby the attorney for the compensation claimant was awarded $150 for his services before this court. That order will not appear in the reports, and the probability is apparent that other appellate courts have handled this matter in a similar manner.

We have, then, ample judicial precedent for the procedure which I favor in the present case, and we also have a duty imposed by the Congress to follow such procedure in specific cases. In most cases this court could dispose of such a motion as the one before us expeditiously, on the basis of its observations. Affidavits could be required when necessary, and I have no doubt that the rights of both parties would be as carefully safeguarded here as in the lower court. Only in those cases where it was found necessary to take evidence to effect a proper disposition of the motion would I deem it requisite and proper to remand the case to the trial court.

In this particular case, the party plaintiff succeeded in obtaining a judgment in the Municipal Court, in an action sanctioned by the statute, and was then called upon to defend said judgment upon appeals prosecuted by the party defendant in the Municipal Court of Appeals and in this court. The motion for attorneys' fees submitted to this court by appellee-plaintiff is opposed by appellant-defendant only on the ground that the statute makes no provision for enlargement of the fee granted by the Municipal Court. We are unanimously agreed that the attorneys' services for the appellate work are properly compensable under the terms of the statute. Hence it is my belief, in line with my prior general reasoning, that it is especially appropriate for the court to take direct action on this motion.

---

[5] 44 Stat. 1424 (1927), 33 U.S.C.A. § 901 et seq. (1946).

[6] 44 Stat. 1438 (1927), 33 U.S.C.A. § 928 (a) (1946).