50

**CORBIN et al. v. CUSICK et al.**

**No. 1033.**

Municipal Court of Appeals for the
District of Columbia

Argued March 12, 1951.

Decided April 10, 1951.

Herman Miller, Washington, D. C., for
appellants.

Thomas B. Lawrence, Washington, D.
C., for appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Judges.

HOOD, Judge.

Five plaintiffs sued to recover double an
alleged overcharge of rent for an apartment
and obtained judgment. The defendant-
landlords have appealed.

■ . The first assignment of error·is that
the relationship of landlord and tenant be-
tween the parties was not proved. The
argument apparently· is that defendants
rented the apartment to one of the plain-
tiffs (which one they do not say) and that
the other plaintiffs were subtenants or
roomers. A very abbreviated statement of
proceedings and evidence indicates that
during the period in question the apartment
was occupied by the five plaintiffs, although
apparently never more than four of them
were there at one time; that such occu-
pancy was with the knowledge and consent
of defendants who charged therefor $120 a
month; that the occupants each contrib-
uted one-fourth of the rent and the total
monthly rent was paid over to defendants
on different occasions by different occu-
pants. The defendants did not testify and
the trial court was justified on plaintiffs'
evidence in finding that all plaintiffs were
joint tenants of defendants.

■ The second assignment of error
asserts that there was insufficient proof of
an established maximum rent ceiling for
the rented premises. The premises con-
sisted of a basement apartment in a dwell-

ing house. Defendants resided in the upper floors. An application for a rent ceiling was filed with the Administrator of Rent Control by defendants. The application describes the entire building and defendants argue that it is impossible to determine whether the order of the Administrator fixing a ceiling refers to the entire building or only to the basement apartment. The order is on the reverse side of the application and fixes a rent ceiling "for the above-described premises." Both the application and the order could and should have been more specific, but in our opinion there is no doubt that the application sought a rent ceiling for the basement apartment and the order fixed such a ceiling. The application indicated that defendants were occupying a part of the house and renting a part to a named person and "three other girls," that defendants were then charging $120 a month therefor, and that a ceiling in that amount was sought. Someone—apparently in the Administrator's office—wrote "Basement Apt." at the top of the application. We think it is clear that the Administrator's order fixing the ceiling at $75 per month applied to the basement apartment and could apply to nothing else. Defendants say that the order is defective in failing to establish a minimum service standard, but plaintiffs are not complaining about this and defendants cannot complain. Defendants filed the application and obtained the order. If the order was ambiguous, defendants should have sought a clarifying order. The fact of the matter is that defendants were charging $120 a month and sought to have that amount established as a legal rent ceiling. The Administrator fixed the ceiling at $75 but defendants disregarded it and continued to charge the higher figure.

The last three assignments relate to the finding and judgment. The complaint, filed jointly by the five plaintiffs, asked judgment for $675 and a reasonable attorney's fee. The trial court found for the plaintiffs in the sum of $690 and awarded an attorney's fee of $75. Judgment thereon was entered and an appeal noted. More than a month later, and for reasons not appearing of record, the trial court entered new findings, making a separate finding for each plaintiff in a separate amount and for a separate attorney's fee. The total of the separate findings was $675 and the total of the attorney's fees was $75. These findings and judgments thereon purported to be entered *nunc pro tunc* as of the date of the original finding and judgment.

■ Defendants attack the second and separate findings on several grounds, and we think justifiably so. Assuming, but not deciding, that a finding and judgment may be amended after an appeal has been taken, nevertheless there is no showing in the record of the basis on which the court allocated the various amounts to the various plaintiffs or that the changes were made after notice and opportunity to be heard by defendants. Moreover plaintiffs sued jointly for a joint amount and that was the only basis on which they could sue. No claim is made that separate tenancies existed between each plaintiff and defendants. There was one apartment, one rent ceiling, one rent charged, and one tenancy. No one tenant paid an overcharge. They joined together in paying one rent and then, and then only, was there an overcharge. They had a joint claim for the overcharge and there should have been a joint finding and judgment. Cf. Glassman v. Graver, D.C. Mun.App., 56 A.2d 160. The original finding and judgment followed the correct procedure.

■ Defendants insist that the joint finding and judgment cannot stand because one of the plaintiffs failed to appear at the trial. This plaintiff was represented by counsel and the joint claim was proved by those plaintiffs who did appear. The mere absence of one plaintiff from the trial did not prevent a valid finding on the evidence

Finally, defendants contend that the finding for $690 was erroneous because it was $15 more than claimed and apparently more than proved. There is no explanation in the record of how this amount was reached. It would appear to be an inadvertence because when separate findings were later made they totaled only $675.

The case is remanded with instructions to strike out the separate findings and judg-

ments entered *nunc pro tunc,* to reinstate the original finding and amend it by reducing it from $690 to $675, and to enter judgment for plaintiffs for $675 together with attorney's fees of $75.

Remanded with instructions.