## LINCOLN LOAN SERVICE, Inc. OF TAKOMA PARK v. MOTOR CREDIT CO., Inc.

### No. 1099.

Municipal Court of Appeals for the District of Columbia.

Argued July 24, 1951.

Decided Aug. 29, 1951.

Ralph R. Sachs, Washington, D. C., for appellant.

Joseph Luria, Washington, D. C., with whom William R. Lichtenberg, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Lincoln Loan Service, Inc., of Takoma Park, hereafter called Lincoln, obtained a judgment against Dallas S. and Ruby Akers and issued a garnishment against their property and credits in the hands of Motor Credit Company, Inc., hereafter called Motor Credit. Motor Credit answered the garnishment in the following manner: "no. We have taken possession of automobile of defendants upon which we hold a conditional sales contract the terms of which have been breached by the defendants. The value of this automobile is less than the amount due us on the contract."

Lincoln filed a traverse to the answer, denying that Motor Credit had no property or credits of the Akers. Trial was had on the traverse.

The controversy between the parties stemmed from the sale of a used automobile by Greenway Used Cars, hereafter called Greenway, to Dallas Akers. A document entitled Bill of Sale indicated the sale by Greenway to Akers for a cash payment of $335 and a balance to be paid in fifteen payments of $65.88 each. A conditional bill of sale was executed by Greenway reciting receipt of $335 and balance of $988.20. Attached to it was a promissory note signed by Akers for $988.20 payable in monthly instalments of $65.88. The conditional sale contract was assigned by Greenway to Motor Credit and the note endorsed to Motor Credit by Greenway without recourse. Greenway received $739.20 from Motor Credit. The record does not show what monthly payments, if any, were made by Akers, but the car was repossessed by Motor Credit for default in payment and sold for $875.

Lincoln contends here, as it did below, that the terms of the conditional sale con-

tract were usurious, that in effect Motor Credit was an original party to the contract, that Lincoln as a judgment creditor of Akers has the right to recover from Motor Credit any amount Akers would be entitled to recover because of the usurious transaction. To prove usury Lincoln offered testimony tending to show that Greenway's policy was to sell cars for one price, whether cash or on time; that the cash price of this car was $995 which was reduced to $660 by the down payment of $335, that a charge of $328 was made for financing the unpaid balance of $660, and that such financing charge was simply a cloak for a usurious loan. On the other hand, there was testimony that Greenway's policy was to have two prices, a smaller one for a cash sale and a larger one for a time sale; that while the cash price for this car was $995, the time price was that stated in the conditional sale. contract.

The trial court found that there were two prices, cash and time, and denied recovery. We think the evidence supported this finding and on such finding there could be no recovery. In District of Columbia v. Hamilton National Bank, D.C. Mun.App., 76 A.2d 60, 67, we approved the trial court's ruling that "the sale at a *Time Price* to the original purchaser, under a conditional sale agreement providing for monthly installments and including charges for insurance, financing and other related services for the privilege of buying on time rather than by cash, is not violative .of the usury statute." That ruling is decisive here. Undoubtedly some suspicious circumstances were developed by the testimony but the burden of proving usury rests on the one alleging it, and on this record we cannot hold as a matter of law that the trial court was in error in holding that Lincoln failed to carry its burden.

The question is raised here by Motor Credit that only borrowers or parties in privity with them can raise the question of usury and that Lincoln is not such a party. In view of the finding of no usury we see no occasion for passing on the question.

Affirmed.