**LINCOLN LOAN SERVICE, Inc., of TAKOMA PARK v. MOTOR CREDIT CO., Inc.**

No. 1099.

Municipal Court of Appeals for the District of Columbia.

Sept. 20, 1951.

Ralph R. Sachs, Washington, D. C., for appellant.

Joseph Luria and William R. Lichtenberg, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

This cause involved judgment entered in favor of a garnishee after trial on a traverse to the garnishee's answer. On August 29, 1951, 83 A.2d 230, we affirmed the judgment and the garnishee has now moved for the allowance of an attorney's fee for services rendered in this court. The basis of the motion is Code 1940, § 16–317, which provides: " * * * in all such cases where judgments shall be entered for the garnishee the plaintiff shall be adjudged to pay to the garnishee, in addition to the taxed costs, a reasonable counsel fee."

The motion is opposed on the ground that the language of the statute restricts allowance of attorney's fee to the proceedings in the trial court, that by failing to authorize allowance of counsel fee if the case is taken to the appellate court, Congress intended fees for services in the trial court only. No authority is cited in support of this contention.

The Emergency Rent Act, D.C.Code 1940, § 45–1610, provides that in suits for overcharges and for violations of service standards the successful tenant be allowed "reasonable attorneys' fees and costs as determined by the court." In Heitmuller v. Berkow, 83 U.S.App.D.C. 342, 171 F.2d 741, the court said: "Nothing in this language limits attorneys' fees to services rendered in the Municipal Court. We think the statute contemplates reasonable attorneys' fees in appellate proceedings as well as in the trial court. But by this language Congress expressly gave the Municipal Court authority to fix attorneys' fees. We think it cannot be concluded that such authority is also in this court."

The Heitmuller case relied strongly on the case of Maddrix v. Dize, 4 Cir., 153 F. 2d 274, 276, which construed the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. That Act provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Fourth Circuit held that this language contemplated the allowance of fees for attorneys' services in appellate courts but that such fees should be fixed by the trial court, saying: "Indeed the ordinary and effective procedure in the allowance of attorney's fees in litigation which proceeds through several courts is to place the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed."

Accordingly we hold that the Code Section allowing a successful garnishee a reasonable counsel fee is not limited to services of counsel rendered in the trial court but includes services rendered in this court, but that allowance for such services should be made by the trial court.

The motion is denied and the case is remanded to the trial court for further proceedings consistent herewith.