**PORTER v. STRAUGHTERS.**

**No. 1165.**

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 10, 1951.

Decided Jan. 24, 1952.

Charles B. Sullivan, Jr., Washington,
D. C., for appellant.

John C. Poole, Washington, D. C., with
whom Dudley G. Skinker, Washington,
D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant sued for possession of a room
for which appellee had failed to pay rent
totaling $174. Appellee by counter-
claim alleged that for a period of 284 weeks
she had paid $12 per week, whereas the
rent ceiling on this room was $26 per
month, and that she was entitled to re-
cover double the amount of the over-
charge. The statute of limitations was
affirmatively pleaded by appellant. The
court, sitting without a jury, gave judg-
ment for the appellant for possession and
for rent due. The trial court further found
that the rent ceiling for this particular
room was $26 per month and gave judg-
ment for the appellee for double the
amount of the overcharge from July 1948
through June 1950. It further found that
the accommodations were decontrolled as
of July 1, 1950. From the agreed state-
ment on appeal approved by the trial court
we gather the following facts:

Appellant operated a rooming house, and
in 1943 leased to appellee a room for a
rental of $12 per week. In 1945 she se-
cured a rent ceiling for the premises, but
she claims that the order of the Rent Ad-
ministrator was void ab initio because she
petitioned for a rent ceiling on 16 rooms
and the order when issued was for 14
rooms. The record does not contain the
order of the Administrator. A rent con-
trol examiner testified that the rent ceil-
ing on the room occupied by the appellee
was $26 per month and was listed as
"light housekeeping." Both the appellant
and the appellee testified that the room
occupied by the tenant was the same room
as described by the examiner for the Rent
Administrator.

The landlord contends that the
trial court erred in finding that there was
a rent ceiling of $26 per month. She

claims the order on which the finding was based was void. This contention is answered by testimony as set forth in the statement of evidence in which the rent examiner testified that "from the records * * * the rent ceiling for the larger room on the second floor front * * * was established at $26.00 per month with minimum standards including 'light housekeeping' ". There does not appear to be any discrepancy in the order of the Administrator, and, if there were, the duty would have been upon the landlord to petition the Administrator to clarify such order. Hall v. Henry J. Robb, D.C.Mun. App., 34 A.2d 863; Corbin v. Cusick, D.C. Mun.App., 80 A.2d 50.

■ The appellee asks us to consider the portion of the judgment relating to the counterclaim, i.e., decontrolling of these premises on July 1, 1950. However, we feel that by failing to file a cross-appeal from that portion of the judgment she is precluded from now bringing the question before us. 1915 16th Street Co-operative Ass'n v. Pinkett, on rehearing, D.C.Mun. App., 85 A.2d 58. An appellee is not entitled to allege error in the rendition of judgment against him on his counterclaim where he failed to prosecute an appeal therefrom. Clark v. Killian, 103 U.S. 766, 26 L.Ed. 607; 5 C.J.S., Appeal and Error, § 1498(2).

■ The trial judge awarded the appellee attorney's fees covering services in the trial. Appellee now asks us to remand the case to the trial court to have attorney's fees determined for the handling of this case on appeal. The procedure to be followed in this case has been set out in Heitmuller v. Berkow, 83 U.S.App.D.C. 342, 171 F.2d 741, where it was held that the fixing of attorney's fees for services rendered in representing a tenant on appeal were to be fixed by the trial court. See also our recent decision of Lincoln Loan Service v. Motor Credit Co., D.C.Mun. App., 83 A.2d 332.

The case is therefore affirmed and remanded to the trial court for consideration of the question of attorney's fees on appeal.

Affirmed.