GRADY v. PREWITT.

GRADY v. PLEASANT.

GRADY v. HALL.

GRADY v. SMITH et al.

Nos. 1373–1376.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 28, 1953.

Decided Oct. 29, 1953.

Reuben Bonnett, Washington, D. C., with whom Isadore Brill, Washington, D. C., was on the brief, for appellant.

Kathryn J. Lawlor, Silver Spring, Md., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These are appeals by a landlord from four judgments in favor of tenants for overcharges of rent under the District of Columbia Emergency Rent Act.[1] The facts were largely undisputed. On three of the apartments rent ceilings had been fixed on an unfurnished basis and the landlord had furnished and rented them at above ceiling rates without having first obtained furnished ceiling rates or even applied therefor. The fourth apartment had a furnished ceil-

1. D.C.Code 1951, § 45–1601 et seq.; the act expired July 31, 1953, Act April 30, 1953, 67 Stat. 26.

ing rate but was rented for an amount in excess of the ceiling.

■ Under the decision in Janifer v. Werner, 90 U.S.App.D.C. 406, 196 F.2d 244, the ceilings of the apartments unfurnished were the legal ceilings until applications for new ceilings were filed.[2] On the admitted facts in this case it is evident that there were overcharges of rent, and the judgments must stand unless there is merit to some point raised by the landlord in his attempt to escape the effect of the ruling in Janifer v. Werner, supra.

■■ The landlord argues that he acted in good faith in that he had obtained from the Rent Administrator furnished ceilings on comparable apartments in the same building and that the rates charged appellees were no more than those legally charged other tenants in the same building for comparable accommodations. Good faith or an honest mistake is not a defense to an overcharge. The rent act imposed on the landlord the duty to ascertain the legal rent and made him liable in damages if he collected more than that rate.

■ The landlord also argues that if he could charge only the rent fixed on the apartments unfurnished, he is entitled to set off against the tenant's claim a fair rental for the use of the furniture in the apartments. If this were allowed the effect would be to permit the landlord to collect more than the rent ceiling. The accommodations were rented as a whole and anything paid therefor constitutes rent. To allow the landlord to collect the legal rate plus an additional amount for use of furniture or some other part of the accommodations would constitute an evasion of the act.

■ Another argument of the landlord is that he was not allowed to question the tenants as to the time they first became aware that they were paying more than the legal rate. The record indicates that such questions were permitted, but we think the knowledge of the tenant that he was being overcharged was immaterial. The fact that a tenant knowingly pays overceiling rates does not make the payment legal or estop him to recover for the overcharge. If such were the case, rent control could have been rendered completely ineffective by private agreements between landlords and tenants.

■ Finally, the landlord argues that the trial court should not have allowed attorneys' fees. The tenants requested attorneys' fees in their complaints and the act specifically provided for allowance of such fees in cases of overcharges. The landlord's contention seems to be (1) that no proof was offered of the value of the services rendered, and (2) that he was given no opportunity to offer evidence on the subject. The answer to the first part is that proof in this type of case was not necessary unless requested by the court,[3] and to the second part the answer is that the landlord made no attempt in the trial court to offer any evidence on the subject.

■ Appellees have filed a motion here for the allowance of an additional attorney's fee for services on these appeals. The rent act contemplated reasonable attorneys' fees in both trial and appellate proceedings, but the allowance of such fees must be made by the trial court. Heitmuller v. Berkow, 83 U.S.App.D.C. 342, 171 F.2d 741. Appellant says that the fee already allowed is excessive and unreasonable. It is substantial, but we cannot say it is unreasonable. The judgments are affirmed and remanded to the trial court for consideration of the allowance of an additional attorney's fee for services on appeal.

Affirmed.

2. See Boan v. Miller, D.C.Mun.App., 99 A.2d 713.

3. Tyler v. Dixson, D.C.Mun.App., 57 A.2d 648.