Mary Annette CHAMBERLAIN, Appellant,

v.

Theodore Kennedy CHAMBERLAIN, Appellee.

No. 5734.

District of Columbia Court of Appeals.

Argued Nov. 1, 1971.

Decided Feb. 23, 1972.

J. Robert Carey, Silver Spring, Md., for appellant.

Bertrand H. Merwin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KERN and YEAGLEY, Associate Judges.

HOOD, Chief Judge:

Appellee-husband was granted an absolute divorce on the grounds of voluntary separation for one year. Appellant-wife seeks reversal of the trial court's order with respect to the disposition of real property and child support.

The parties were living with their five children in a comparatively small house when the wife's father, Charles Taylor, came to live with them. Thereafter the family decided that more space was needed. To enable them to move into larger quarters, which they otherwise could not afford, Mr. Taylor agreed to furnish the necessary money for downpayment on the purchase of a larger home. It was understood that Mr. Taylor would continue to reside with the family in the new home.

Three checks were drawn by Mr. Taylor to facilitate the purchase. Two totaled $3,000 and were drawn to the order of the realtor. The third check in the amount of $27,000 was made payable to appellant, endorsed by her and deposited in a joint account with her husband. At settlement the husband wrote a check on that account for $23,007, making the total downpayment $26,007. Title was placed in the names of the husband and wife as tenants by the entirety.

The husband made no contribution to the purchase of the new home,[1] although he made the mortgage payments from the time of acquisition until he left the home 21 months later. After an interval of more than a year and a half, during which Mr. Taylor made the monthly payments, the husband resumed mortgage payments pursuant to a pendente lite order of the trial court.

Finding that Mr. Taylor "gave [the] monies as a gift to both parties as his consideration for his right to reside with [them]", the trial judge divided the property equally, declaring the parties holders of undivided one-half interests as tenants in common. Upon consideration of all the facts and circumstances, obligatory to an "equitable, just, and reasonable" disposition of the property rights,[2] we are convinced that the trial judge failed to exercise sound judicial discretion in making the award.

The finding that Mr. Taylor made "a gift to both parties" is unsupported by the evidence below.[3] The burden rests with the party asserting the gift. There was neither an act of delivery to the husband

---

1. The proceeds from the sale of the prior home consisted of $3,000 cash used to pay several bills and a second trust note deposited in the bank for collection to the credit of the joint account.

2. D.C.Code 1967, § 16–910; Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

3. Reference in the finding to "consideration" is incongruous with the conclusion that a gift was made, for a gift is a gratuitous transfer, unless the trial court merely intended to suggest the moving force behind Mr. Taylor's generosity.

nor an intention on the part of the donor to bestow upon him, alone or jointly with the wife, a gift of any interest in the household.[4] Except for a statement by the husband that Mr. Taylor "gave us $30,000", which must be largely discounted as self-serving, the evidence shows that Mr. Taylor intended to make a gift to his daughter alone by delivery to her of a check in her name for the amount of $27,000.

■ Likewise it cannot be held that the wife by endorsing the check, placing it in the joint account and agreeing that title be taken in both names made a gift to her husband. Her testimony to the effect that she undersood the property was to be in both names and that she and her husband would be the owners of the home is more consistent with the characterization of the nature of a similar transaction in King v. King, D.C.App., 286 A.2d 234, at 237 (1972), namely, that she desired to assure her husband's right of survivorship during the continuance of the marriage than make an absolute disposition to him of a one-half interest in the home.

■ In light of the equities acquired by the wife in providing the total contribution to the property, the fact that custody of all five children was awarded to her, four of whom live with her, the modest support payments in face of her expenses, the short period of time the parties lived together in the new home and the husband's marital duty to provide for his family, title to the home should have been awarded to the wife.

■ As to the wife's contention that the child support payments be set aside as inadequate, we have examined the record and find no abuse of discretion. It is true that the award seems small in relation to the needs of the children but to increase the amount would have the unfortunate effect of making the husband's hard-pressed financial situation even worse.

The case is remanded with instructions to amend the judgment by awarding the real property to the wife as sole owner. In all other respects the judgment is affirmed.

The wife has filed here a motion to award her costs on appeal and attorney's fees. She will be awarded costs paid in this court, and she may apply to the trial court for award of court costs paid in that court including cost of transcript on appeal. See Superior Court Civil Rule 54–I(b).

In view of the existing financial condition of the husband and the fact that the wife was awarded a fairly substantial attorney's fee in the trial court, attorney's fees on appeal are denied.

Affirmed in part. Reversed and remanded in part.

---

4. Mr. Taylor, being in a nursing home, was unavailable to testify at trial and his deposition, viewed by the trial court, was unintelligible.