**E. Taylor LEE, Appellant,**

v.

**Nelle E. LEE, Appellee.**

**No. 5622.**

District of Columbia Court of Appeals.

Argued Dec. 13, 1971.

Decided April 28, 1972.

Rehearing and Rehearing En Banc Denied
May 31, 1972.

H. Clay Espey, Washington, D. C., with whom Charles B. DeShazo, Washington, D. C., was on brief, for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Bethesda, Md., was on brief, for appellee.

Before HOOD, Chief Judge, and KELLY and REILLY, Associate Judges.

HOOD, Chief Judge:

After 32 years of marriage appellee (hereafter called the wife) in March 1968 left appellant (hereafter called the husband) and their marital abode. In September 1968 she filed a complaint against him in the United States District Court for the District of Columbia for an accounting with respect to their alleged joint assets; and in December 1968 she filed a complaint against him in the Domestic Relations Branch of the Court of General Sessions[1] for separate maintenance and support. In the support action the trial court found that the wife had left the marital abode without just cause or excuse, but nevertheless awarded her maintenance. The husband appealed to this court and we reversed, holding that when a wife leaves the marital abode without just cause, her

1. Now the Family Division of the Superior Court of the District of Columbia.

desertion bars her from separate maintenance and support.[2]

While that appeal was pending, the husband in April 1969 filed an action for absolute divorce on the ground of desertion, and after the appeal was decided, his action for divorce was tried along with her action for accounting which in the meantime had been certified to the Court of General Sessions from the United States District Court.

The lengthy trial disclosed that when the parties were married in 1936, both were employed and they agreed to share their living expenses equally; that each month she paid to him a portion of her salary as her share of expenses for rent, food and other essentials. This money was generally deposited by him in a bank account in his own name in which he also deposited his own earnings. This arrangement continued for 20 years and in 1956 the parties purchased a home. In purchasing the home the husband withdrew from the above-mentioned account over $10,000 as the down payment and cost of settlement.

From the time the home was purchased the exact nature of the financial relationship is not altogether clear, but it is evident that both continued to contribute to the expenses of family living as well as expenses incident to ownership of the home. Both parties received some money during this period in addition to their earnings, she in settlement of a claim for injury resulting from an accident, and he from his father's estate. During the same period she arranged for improvements to the home and undertook to pay for them. During the same period he purchased stocks and bonds in his own name. She

retired in 1962 and thereafter drew a pension and engaged in part-time work.

The marriage steadily deteriorated in the later years and she unsuccessfully sought from him an accounting of the family finances over which he continued to exercise strict and almost exclusive control. As stated before, she left the home in 1968 and thereafter filed the actions for accounting and for maintenance.

In its final judgment the trial court awarded the husband an absolute divorce on the ground of the wife's desertion [3] and denied her claim for alimony.[4] That portion of the judgment is not questioned here. This appeal by the husband concerns only that portion of the judgment dealing with the property rights of the parties, including an award of attorney's fees to the wife.

The trial court found that the parties had agreed to "share all expenditures and pool all their resources and earnings, and share them equally." The court further found that at the time of trial the husband had accumulated in his own name assets of a value of $35,211.98; that the parties as joint tenants held title to real estate purchased with joint funds having an "equity value" of approximately $30,000; and that the sum of $8,000 withdrawn by the wife from a joint checking account had been used in payment for maintenance and improvements of the jointly held real estate.[5] Additionally the court found that during the marriage the wife had contributed nearly $55,000 to the running of the household. On the basis of these findings the court ordered (1) the real estate to be sold and two-thirds of the net proceeds paid to the wife and one-third to the husband, (2)

2. Lee v. Lee, D.C.App., 267 A.2d 824 (1970).

3. D.C.Code 1967, § 16–904(a).

4. Even though a divorce is granted on the application of the husband, the court may

award alimony to the wife "if it seems just and proper." *Id.* § 16–913.

5. This sum of $8,000 was the subject of a counterclaim by the husband in the accounting action. His counterclaim was denied.

that the wife have judgment in the accounting action for $17,605.99 (one-half of $35,211.98), and (3) that the husband pay $3,000 as counsel fees for the wife's attorney. The husband attacks each of these awards.

Our review of the voluminous record shows that the trial court, faced with the factual situation above-outlined, plus hundreds of checks, bills, receipts and other records, had a difficult if not impossible task of arriving at a totally accurate and equitable decision. Our conclusion is that the awards are supported by the evidence and must be affirmed with one modification relating to the division of real property.

Although D.C.Code 1967, § 16–910 gives the trial court broad discretion in the apportioning of jointly held property when an absolute divorce is granted, such apportionment must be "equitable, just and reasonable." *See* Chamberlain v. Chamberlain, D.C.App., 287 A.2d 530 (1972); Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962). As the trial court divided the personal property on an equal share basis, we perceive no equitable or reasonable ground for dividing the real property on a different basis, particularly in view of the finding of the trial court that the parties agreed to pool their resources and share them equally.

Accordingly the judgment of the trial court is modified to the extent that the proceeds from the sale of the real estate shall be awarded one-half to the husband and one-half to the wife. In all other respects the judgment is affirmed.

In view of the substantial award of counsel fees to the wife in the trial court and the equal division of the property, the wife's motion for allowance of attorney's fees on appeal is denied.

Modified and affirmed.