**DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT, Appellant,**

v.

**Winfred L. STANLEY, et al., Appellees.**

**No. 04–CV–1482.**

District of Columbia Court of Appeals.

June 26, 2008.

Stephen C. Leckar and Robert A.W. Boraks, Washington, DC, were on the Appellees' Motion to Remand to the Superior Court for a Determination of Appellees' Eligibility for Attorney's Fees and Expenses, and Appellees' Bill of Costs.

Before RUIZ, GLICKMAN, and FISHER, Associate Judges.

PER CURIAM:

The underlying facts of this case are fully stated in our opinion on the merits,[1] and need not be repeated to answer the question now presented: where should a petition to recover statutorily authorized attorney's fees for work done on an appeal to this court normally be filed? Shortly after we remanded this case to the Superior Court with instructions to return the matter to the District of Columbia Office of Employee Appeals for entry of an order reinstating appellees to their former positions with the Metropolitan Police Department, the appellees filed a "Motion to Remand to Superior Court Determination of Appellees' Eligibility for Attorney's Fees and Expenses," as well as a Bill of Costs. Appellees contended that because they were hired by the District of Columbia government before 1980, the Federal Back Pay Act[2] presumptively entitled them to an award of attorney's fees and expenses incurred in vindicating their rights on appeal.[3] We agree and, by separate order, have granted their motion to remand.[4] Although we might have done so without an opinion, we think it desirable to review our precedents in order to identify the preferred method for presenting appellate fee petitions.

Often, this court has denied a request for appellate attorney's fees without comment.[5] In other cases, this court (or its

---

1. *District of Columbia Metro. Police Dep't v. Stanley,* 942 A.2d 1172 (D.C.2008).

2. 5 U.S.C.A. § 5596(b)(1)(A)(ii) (West 2007).

3. *District of Columbia v. Hunt,* 520 A.2d 300 (D.C.1987) (*"Hunt I"*).

4. We also granted the bill of costs per D.C.App. R. 39(a). The appellant did not file

an opposition to either the motion or the bill, but this failure played no part in our decision.

5. *See Swift v. Swift,* 566 A.2d 1045 (D.C. 1989); *Warren v. Chapman,* 535 A.2d 856 (D.C.1987); *Friendship Neighborhood Coal. v. District of Columbia Bd. of Zoning Adjustment,* 403 A.2d 291 (D.C.1979); *Lee v. Lee,*

predecessor) has either remanded the attorney's fee petition for the trial court to consider,[6] or has weighed the merits of the petition itself when the panel determined it was "best situated to appraise the worth of counsel's services in providing assistance in the salient decision making."[7] Recently, in *In re Estate of Green*, we held that the Superior Court had erred in concluding it lacked jurisdiction over a special master's fee petition for work done on appeal because, "[r]eviewing requests for attorney's fees is ... a quintessential function of the trial court[.]"[8] This echoes one of our predecessors that chose to "place[ ] the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed."[9] This rationale has also been approved by the United States Supreme Court[10] and a majority of the federal circuit courts of appeal,[11] including that of this circuit,[12] which have concluded that fee petitions for work on appeal should generally be decided by the trial court.

■ The appellees' motion asked for this treatment, but we also agree with the majority preference for this process. Because fee petitions raise factual questions, such as what work counsel performed, whether that work was necessary and appropriate, and how it ought to be compensated, they should presumptively be addressed first at the trial court level. Thus,

---

290 A.2d 388 (D.C.1972); *Chamberlain v. Chamberlain*, 287 A.2d 530 (D.C.1972).

6. *Scott v. Scott*, 140 A.2d 312 (D.C.1958); *Smith v. Smith*, 137 A.2d 221 (D.C.1957); *Jones v. Clark*, 112 A.2d 500 (D.C.1955); *Grady v. Prewitt*, 99 A.2d 755 (D.C.1953); *Porter v. Straughters*, 86 A.2d 410 (D.C.1952); *Lincoln Loan Serv., Inc. v. Motor Credit Co., Inc.*, 83 A.2d 332 (D.C.1951); *Sawyer v. Warner*, 63 A.2d 653 (D.C.1948); *Hobbs v. Hobbs*, 91 U.S.App.D.C. 68, 197 F.2d 412 (1952); *Heitmuller v. Berkow*, 83 U.S.App.D.C. 342, 171 F.2d 741 (1948).

7. *Freeman v. Ryan*, 133 U.S.App. D.C. 1, 3, 408 F.2d 1204, 1206 (1968). *Accord, District of Columbia v. Hunt*, 525 A.2d 1015 (D.C. 1987) ("*Hunt II* ") (awarding attorney's fees for appellate work performed in *Hunt I, supra* note 3). *See also Rachal v. Rachal*, 489 A.2d 476, 479 (D.C.1985) (noting in dicta that the trial court should have deferred the question of appellate attorney's fees to this court because it was "in the best position to determine the value of counsel's services").

8. 896 A.2d 250, 254 n. 4 (D.C.2006). It is particularly appropriate for the trial court to first review a fee petition when, as in *Green*, payment comes from a fund administered by the Superior Court. Such funds are frequently the source of fee payments in intervention and probate proceedings.

9. *Heitmuller, supra* note 6, 83 U.S.App. D.C. at 343, 171 F.2d at 742 (citing *Maddrix v. Dize*, 153 F.2d 274, 276 (4th Cir.1946)).

10. *Perkins v. Standard Oil Co.*, 399 U.S. 222, 224, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) ("The amount of the award for such services should, as a general rule, be fixed in the first instance by the District Court, after hearing evidence as to the extent and nature of the services rendered.").

11. *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir.1982) (citing *Souza v. Southworth*, 564 F.2d 609 (1st Cir.1977), *Universal Amusement Co. v. Vance*, 559 F.2d 1286 (5th Cir.1977), and *Wilderness Soc'y v. Morton*, 161 U.S.App. D.C. 446, 495 F.2d 1026 (1974) (en banc), *rev'd on other grounds by Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *accord, O'Bryan v. County of Saginaw*, 722 F.2d 313 (6th Cir.1983). *But see Yaron v. Twp. of Northampton*, 963 F.2d 33 (3d Cir.1992); *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir.1988).

12. *Wilderness Soc'y v. Morton, supra* note 11, 161 U.S.App.D.C. at 456, 495 F.2d at 1036 ("Because assessment of fees, even for services on appeal, involves factual questions, the amount of an award should as a general rule be fixed in the first instance by the District Court, after hearing evidence if necessary as to the extent and nature of the services rendered.").

we now hold that in cases where a party seeks to recover statutorily authorized attorney's fees for work completed on an appeal to this court, the request normally should be submitted to the trial court in which the proceeding arose.[13]

■ We do not intend, by identifying this process as the preferred one, to disavow this court's discretion or authority to consider a request for attorney's fees itself in appropriate cases. However, if a party wishes us to exercise that discretion, the petition for fees should be accompanied by a motion identifying the specific reasons this court is better positioned than the trial court to assess the request. Otherwise, we will remand the matter.

■ Finally, this practice also does not apply to cases where this court has the exclusive authority to award fees, as when they are awarded to sanction a frivolous filing.[14] Our rules specifically state that when a party has filed a frivolous appeal, petition, or motion, "the court" may impose sanctions, including attorney's fees.[15] "The term 'court' means the District of Columbia Court of Appeals."[16] A party requesting that attorney's fees be levied as a sanction should, however, specifically note that as the basis of the motion for fees.

*So Ordered.*

---

**13.** In appeals that arise from contested case proceedings, the fee request should be directed to the appropriate agency, except when this court's authority is exclusive (*e.g.*, workers' compensation cases). *See* D.C.Code §§ 32–1530(a), (c) (2001).

**14.** *Slater v. Biehl*, 793 A.2d 1268 (D.C.2002); *Tupling v. Britton*, 411 A.2d 349 (D.C.1980).

**15.** D.C.App. R. 38.

**16.** D.C.App. R. 1(a)(8).